NOT DESIGNATED FOR PUBLICATION

No. 125,501

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM D. GODDARD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Submitted without oral argument. Opinion filed May 31, 2024. Appeal dismissed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: William D. Goddard timely appeals the district court's denial of his motion to suppress his statements to law enforcement during an overnight interrogation. But the record reflects he did not raise a timely objection to the admission of his statements at his jury trial. Because no timely objection was entered during the jury trial, he has not preserved his claim for appeal. We dismiss his appeal.

1

On April 2, 2020, Wichita police officers were dispatched to R.W.'s residence for an incident that occurred between R.W. and her ex-boyfriend, Goddard. Goddard and R.W. got into an argument; Goddard left, but they continued to exchange a series of argumentative text messages. Because all the facts surrounding the incident are not necessary for us to outline the issue on appeal, we have limited the facts to how the interrogation was conducted by law enforcement.

After Goddard left R.W.'s apartment the second time, law enforcement located him at his residence and transported him to the police department for interrogation. Goddard spent about five and a half hours in an interrogation room where he was given his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). During that time, Goddard was interviewed for a total of about 90 minutes, beginning around 2 a.m. on April 3, 2020. Goddard also voluntarily allowed law enforcement to search his cell phone and signed a waiver to search, providing the phone passcode.

The State ultimately charged Goddard with one count each of rape, attempted rape, kidnapping, and domestic battery, each an act of domestic violence. Before the trial, the district court conducted a hearing at the State's request under *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964), to determine whether Goddard's statements to law enforcement were made voluntarily under the totality of the circumstances. The district court determined Goddard's statements were voluntary and thus admissible.

The jury found Goddard guilty of all counts. The district court sentenced Goddard to 253 months' imprisonment for rape, 59 months' imprisonment for attempted rape, 59

months' imprisonment for kidnapping, and 1 year in jail for domestic battery, with all sentences to run concurrent.

## ANALYSIS

Goddard claims his mental condition, the nature and manner of the interview, and the police officers' conduct rendered his statements involuntary and inadmissible. Goddard also argues his exhaustion, given law enforcement's decision to conduct the interrogation the night he was taken into custody, rendered his statements involuntary under the totality of the circumstances.

*Preservation*

The State asserts Goddard's pretrial objection to the voluntariness of his statements was not a timely and specific objection to the introduction of evidence during the trial and the appeal should be denied.

> "Under K.S.A. 60-404, 'a party must lodge a timely and specific objection to the admission or exclusion of evidence in order to preserve the evidentiary question for review.' 'The purpose of the rule is to avoid the use of "tainted evidence [and thereby] avoid possible reversal and a new trial."' 'Because an in limine ruling "is subject to change when the case unfolds," a pretrial objection must be contemporaneously renewed during trial or preserved through a standing objection.' [Citations omitted.]." *State v. Richard*, 300 Kan. 715, 720-21, 333 P.3d 179 (2014).

"This rule acknowledges that different, more, or less evidence may come in at trial than was admitted or proffered at a pretrial hearing. Or a district court judge may simply see the issue in a different light after hearing additional arguments and evidence." *State v. Ballou*, 310 Kan. 591, 613, 448 P.3d 479 (2019).

3

Here, the district court conducted a pretrial *Denno* hearing. At the hearing, the State asked the district court to find any statements Goddard made in the police interview were made in a knowing, voluntary, and intelligent manner. The State also asked the district court to find Goddard was read his *Miranda* rights. Goddard responded his statements were not freely and voluntarily made under the totality of the circumstances. The district court weighed multiple factors, considered the State's burden to establish by a preponderance of the evidence the voluntariness of the statements, and found Goddard's statements to law enforcement were voluntary and admissible.

The State correctly points out Goddard failed to contemporaneously renew his objection during trial or preserve the issue through a standing objection. During the jury trial, Maria Heimerman, a detective with the Wichita Police Department, testified she sat through an interview with Goddard on April 2, 2020, and into the early morning hours of April 3, 2020. Another Wichita Police Detective, Timothy Reynolds, also testified he interviewed Goddard on the night of the incident. At trial, Reynolds specifically discussed the questions he had asked and the answers Goddard had provided in the interview, without objection from Goddard. Goddard himself testified about some of the statements made during his police interview. Because the record reflects Goddard failed to timely object during the trial and preserve this issue for review on appeal, we decline to address the merits of his claim.

Appeal dismissed.